IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ALLSTATE INSURANCE COMPANY, )
as subrogee of Sandra Daum, )
)
)
*Plaintiff*, )
) Case No.:
v. )
)
)
PIEDMONT NATURAL GAS COMPANY, )
INC., d/b/a NASHVILLE GAS COMPANY, )
)
*Defendant.* )

## COMPLAINT AT LAW

NOW COMES, Plaintiff, ALLSTATE INSURANCE COMPANY, (hereinafter "Allstate"), as subrogee of Sandra Daum, (hereinafter, "Daum"), by and through its attorneys, J. David Wicker, Jr. of LAW OFFICES OF J. DAVID WICKER, JR. and Mark S. Grotefeld and Katherine I. Carty of GROTEFELD & HOFFMANN, LLP, and for its Complaint against Defendant, PIEDMONT NATURAL GAS COMPANY, d/b/a NASHVILLE GAS COMPANY, (hereinafter, "Nashville Gas"), states as follows:

## JURISDICTIONAL STATEMENT

Jurisdiction is founded upon diversity of citizenship of the parties. The amount in controversy exceeds $75,000.00. Allstate is an Illinois corporation duly authorized to do business in Illinois and other various states, with its principal place of business in Northbrook, Illinois. Based upon information and belief, Defendant Nashville Gas is a Tennessee corporation duly authorized to do business in the state, with its principal place of business in Nashville, Tennessee. Based upon information and belief, Nashville Gas is a division of Piedmont Natural Gas Company, located in Charlotte, North Carolina. Subject matter jurisdiction exists in the Middle District of Tennessee pursuant to 28 U.S.C. §1332. Venue is proper in the Middle

1

District of Tennessee pursuant to 28 U.S.C. §115 and 28 U.S.C. §1391, as the explosion that damaged Daum's real and personal property occurred in Davidson County, Tennessee.

## GENERAL ALLEGATIONS

1. Allstate is an Illinois corporation, with its principal place of business located in Northbrook, Illinois, and is duly authorized to conduct business in the State of Tennessee.

2. Nashville Gas is a Tennessee corporation, duly authorized to conduct business in the State of Tennessee.

3. At all relevant times, the residence located at 4601 Billingsgate Road, Antioch, Davidson County, Tennessee was owned by Sandra Daum (hereinafter, the "Daum residence").

4. At all relevant times, Allstate provided a policy of homeowner's insurance for the Daum residence.

5. On or before May 17, 2007, Nashville Gas owned, operated, and maintained an underground natural gas service line that extended to the Daum residence.

6. Prior to May 17, 2007, Daum contacted Nashville Gas on two separate occasions complaining of a strong odor of gas in and around the Daum residence. Nashville Gas subsequently inspected the Daum residence and property; however, Nashville Gas did not alert or warn Daum of the presence of a gas leak in its service line.

7. On or before May 17, 2007, the subject Nashville Gas service line leaked and caused a highly volatile and dangerous buildup of natural gas in and about the Daum's residence.

8. Fugitive natural gas leaked from the Nashville Gas natural gas service line into the Daum residence and on May 17, 2007 the gas ignited, causing an explosion and subsequent fire which substantially damaged the Daum residence and its contents, and further rendered the home uninhabitable.

2

9. Pursuant to its policy of insurance issued to Daum, Allstate paid $239,465.34 to or on behalf of Daum as indemnification and reimbursement for damages resulting to Daum's real and personal property due to the aforementioned explosion and fire. In consideration of payments made to Daum, Allstate became subrogated to all rights, claims, and interests that Daum may have against any person or entity responsible for this occurrence and its resulting damage.

### COUNT I – NEGLIGENCE - NASHVILLE GAS

10. Allstate re-alleges and incorporates the allegations contained in paragraphs 1 through 9 as if fully set forth in this Count I.

11. Nashville Gas owed Daum a duty to exercise a standard of care commensurate with the dangerous propensities of the natural gas which it was selling and delivering, in accordance with Chapter 1220-4-5 of the Rules of the Tennessee Regulatory Authority.

12. Nashville Gas further owed a duty to install, inspect, test, and otherwise maintain its gas service lines so that natural gas could be safely delivered without harm to the Daum residence.

13. Nashville Gas owed a duty to prevent fugitive gas from escaping its service line and entering the Daum residence.

14. On May 17, 2007, and for some time before that, Nashville Gas breached its duty of care by committing one or more of the following:

   a. Failure to properly install the natural gas service line that led to the Daum residence;

   b. Failure to properly maintain the natural gas service line to the Daum residence;

   c. Failure to properly inspect the natural gas service line that led to the Daum

3

residence;

d. Failure to properly test the natural gas service line that led to the Daum residence;

e. Failure to properly supervise the work of its agents and/or employees in performing the aforementioned tasks;

f. Failure to warn its customer Daum of the dangerous condition created by the escape of natural gas from the Nashville Gas service line.

15. The damage to the Daum residence was directly and proximately caused by the negligent acts and omissions of Nashville Gas.

WHEREFORE, Allstate Insurance Company, as subrogee of Sandra Daum, hereby demands that judgment be entered in its favor and against Piedmont Natural Gas Company, d/b/a Nashville Gas Company, in an amount in excess of $239,465.34, plus costs of the suit and statutory pre-judgment interest provided under Tennessee Code §20-12-101, and for such other relief as this Court deems fair and equitable.

## COUNT II - RES IPSA LOQUITUR – NASHVILLE GAS

16. Allstate re-alleges and incorporates the allegations contained in paragraphs 1 through 9 as though fully set forth in this Count II.

17. At all relevant times, Nashville Gas exclusively controlled, managed and maintained the underground service line that extended to the Daum residence and to the home.

18. The escape of fugitive natural gas from a gas service line only occurs through the negligence of the person or entity that controls, manages or maintains the service line and does not ordinarily result when proper care is exercised.

19. On May 17, 2007, fugitive natural gas leaked from the Nashville Gas service line and caused a gas explosion and subsequent fire occurred at the Daum residence. No

4

voluntary action by Daum or any other third party contributed to this occurrence.

20. As a result of said explosion, Daum suffered real and personal property damage.

WHEREFORE, Allstate Insurance Company, as subrogee of Sandra Daum, hereby demands that judgment be entered in its favor and against Piedmont Natural Gas Company, d/b/a Nashville Gas Company, in an amount in excess of $239,465.34, plus costs of the suit and statutory pre-judgment interest provided under Tennessee Code §20-12-101, and for such other relief as this Court deems fair and equitable.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY,
as subrogee of Sandra Daum,

By: _____
One of Its Attorneys

J. David Wicker, Jr.
LAW OFFICES OF J. DAVID WICKER, JR.
Bank of America Plaza
414 Union Street, Suite 905
Nashville, Tennessee 37219-1717
(615) 620-6439

and

Mark S. Grotefeld
Katherine I. Carty
GROTEFELD & HOFFMANN, LLP
180 North LaSalle Street, Suite 1810
Chicago, Illinois 60601
(312) 551-0200